IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CLIFFORD S. MARTIN,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 13-00572-WS-B |
| | * |
| **WILCOX COUNTY, ALABAMA,** | * |
| | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

Plaintiff Clifford S. Martin, who is proceeding *pro se,* filed a Complaint (Doc. 1) and a Motion to Proceed *In Forma Pauperis*. (Docs. 3, 5). Plaintiff's motion was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1)[1]. Because Plaintiff is seeking to proceed *in forma pauperis*, his Complaint must be screened under 28 U.S.C. § 1915(e)(2)(B). Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions). This statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." §

---

[1] Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial matters, such as Plaintiff's motion to proceed without prepayment of fees, to a Magistrate Judge.

1915(e)(2)(B)(i)-(iii). Upon review of Plaintiff's complaint, the Court finds that this case is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it "fails to state a claim on which relief may be granted."

I. **BACKGROUND**

On November 21, 2013, Plaintiff, proceeding *pro se*, filed the instant complaint alleging a violation of the National Historical Preservation Act of 1966 (NHPA), 16 U.S.C. § 470 based on the decision of the Wilcox County Commission to relocate the ferry in Wilcox County, Alabama. (Doc. 1). Plaintiff names the County of Wilcox, Alabama as the sole defendant.

As best the court can discern, Plaintiff alleges that the Wilcox County Commission has designated the old ferry, located on the Alabama river, at Haines Island Park, as a "[h]istorical [l]landmark" in order to generate revenue; however, the commission does not have the authority to make such a designation as such authority rests with the Secretary. (Doc. 1). Plaintiff appears to argue that the Commission is engaging in fraud by attempting to designate the ferry as a historical landmark in order to generate revenue, and requests that the Commission's efforts to return the ferry be blocked until it has undergone the procedures set forth in 16 U.S.C. § 470. Plaintiff contends that the return of the ferry will cause him to suffer irreparable "damage [to his] right to not be defrauded

by *untruths*, as well as future generations of Americans being defrauded." (emphasis in original).

**II. ANALYSIS**

**A. Standard of Review Under 28 U.S.C. § 1915(e)(2)(B).**

As noted *supra*, the Court is reviewing Martin's complaint under 28 U.S.C. § 1915(e)(2)(B) because he is seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B)(ii) provides that a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). In reviewing Martin's complaint, the Court is cognizant of the fact that *pro se* complaints are held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96, 30 L. Ed. 2d 652 (1972). However, this does not mean that the Court has a "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citing Pontier v. City of Clearwater, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995)). Furthermore, a *pro se* litigant is still subject to the rules and procedures of the court, including the Federal Rules of Civil Procedure. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Upon a liberal construction of Martin's complaint, the Court finds that he has failed to state a claim

upon which relief may be granted.

### B. National Historic Preservation Act (NHPA).

The National Historic Preservation Act (NHPA), codified as amended at 16 U.S.C.S. § 470 et seq., creates a federal policy favoring preservation of historical and cultural resources for the enjoyment and education of future generations[2]. <u>Inn, Inc. v. United States</u>, 1998 U.S. Dist. LEXIS 13991 (S.D. Ala. Aug. 26, 1998). NHPA encourages historic preservation by establishing an independent advisory agency, authorizing grants and loans, and imposing certain requirements. <u>Lee v. Thornburgh</u>, 877 F.2d 1053, 1056 (D.C. Cir. 1989). However, before NHPA applies, there must be either (1) Federal government approval of the expenditure of federal funds, or (2) the Federal government must have the authority to issue a license. See <u>Preservation Pittsburgh v. Conturo</u>, 2011 U.S. Dist. LEXIS 101756, *29-30 (W.D. PA. Sept. 9, 2011) (federal involvement is required to invoke the NHPA.); <u>Ringsred v. Duluth</u>, 828 F.2d 1305, 1309 (8th Cir. 1987) (NHPA not triggered where review and approval by Secretary of Interior of contracts for private construction of a parking ramp was not federally funded); <u>Lee v. Thornburgh</u>, *supra* (NHPA not applicable when federal funding came directly from Congress).

---

[2] Section 470(f) reads as follows:

"The head of any Federal agency having direct or indirect jurisdiction over a proposed Federal or federally assisted undertaking in any State and the head of any Federal department or independent agency having authority to license any undertaking shall, prior to the approval of the expenditure of any Federal funds on the undertaking or prior to the issuance of any license, as the case may be, take into account the effect of the undertaking on any district, site, building, structure, or object that is included in or eligible for inclusion in the National Register. The head of any such Federal Agency shall afford the Advisory Council on Historic Preservation established under sections 470i to 470n of this title a reasonable opportunity to comment with regard to such undertaking."

4

Turning to the instant action, the undersigned finds that viewing the facts in the light most favorable to Plaintiff, he has failed to state a claim under the NHPA. A searching review of his complaint fails to reveal any federal involvement. While Plaintiff contends that the Wilcox County Commission has engaged in fraud by attempting to designate the ferry as a historical landmark, he has not alleged any federal involvement so as to invoke the requirements of NHPA. Accordingly, Plaintiff has failed to state a claim under the NHPA[3], and as a result, his complaint is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(d)(2)(B)(ii), and his motion to proceed *in forma pauperis* is due to be denied.

*Pro se* litigants are generally granted leave to file an amended complaint following dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). In an amended complaint, Plaintiff should clearly allege the legal basis of the cause(s) of action he wishes to pursue, and should also allege facts showing that his cause of action is plausible.

### III. CONCLUSION

Accordingly, it is recommended that this action be

---

[3] It is also highly questionable whether Plaintiff has standing to assert this claim. Plaintiff's threatened injury is vague and conclusory. Among other requirements, Article III of the Constitution requires that the party who invokes a court's authority must show that his claimed actual or threatened injury "is likely to be redressed by a favorable decision." Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38, 48 L. Ed. 2d 450, 96 S. Ct. 1917 (1976).

5

dismissed without prejudice, and that Plaintiff be ordered to file an amended complaint that complies with the guidance stated above within a time specified by the Court following its ruling on this Report and Recommendation. It is further recommended that Plaintiff's motion to proceed *in forma pauperis* (Docs. 3, 5) be denied without prejudice subject to his right to refile it with the amended complaint.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **10th** day of **February, 2014.**

                                            /s/ SONJA F. BIVINS
                                      **UNITED STATES MAGISTRATE JUDGE**