# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| CLIFFORD S. MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0572-WS-B |
| | ) |
| WILCOX COUNTY ALABAMA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the report and recommendation ("R&R") of the Magistrate Judge that this action be dismissed without prejudice, with leave to file an amended complaint. (Doc. 7). The plaintiff declined the opportunity to object to the R&R. (*Id*. at 6).

The plaintiff expressly brings this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 4321, 4331 and 4332. (Doc. 1 at 1, 2). Section 1331 provides no cause of action but is simply a grant of subject matter jurisdiction. Because the plaintiff invokes only Section 1331 as a jurisdictional fount, his complaint must reflect a "civil actio[n] arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The statutes on which the plaintiff bases his claim are part of the National Environmental Policy Act ("NEPA"), which merely: (1) declare the congressional purpose behind NEPA (Section 4321); (2) declare national environmental policy (Section 4331); and (3) place certain burdens on federal agencies (Section 4332). Because none of these statutes have any applicability to the plaintiff's claim of wrongdoing by Wilcox County, the complaint fails to state a claim on which relief can be granted. Moreover, NEPA provides no private right of action in favor of the plaintiff.[1]

---

[1] *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1173 (11th Cir. 2006).

Although the complaint says it is brought pursuant to NEPA, the body of the complaint alleges that Wilcox County committed fraud by purporting to sanction a ferry as a historic landmark when the Historic Preservation Act of 1966 ("NHPA") authorizes only the Secretary of the Interior to designate a historic landmark. (Doc. 1).[2] The Magistrate Judge correctly concluded that these allegations fail to state a claim under the NHPA. (Doc. 7 at 5). In addition to the reasoning employed in the R&R, the Court notes that the NHPA creates no private right of action in favor of the plaintiff against either the federal government or others.[3]

The Court notes that Judge Fuller has recently dismissed a complaint filed by this plaintiff against Wilcox County and others in connection with the demolition of the old county jail. *Martin v. Alabama Historical Commission*, 2014 WL 28850 (M.D. Ala. 2014). As here, the plaintiff invoked NEPA and NHPA. The Court ruled that neither statute applies to non-federal entities and that neither statute creates a private right of action in favor of the plaintiff. *Id*. at *3. What was true in *Martin* two months ago remains true here today.

For the reasons set forth above, the R&R is **adopted** as the opinion of the Court, supplemented by this order. This action is **dismissed without prejudice** for failure to state a claim on which relief can be granted. Dismissal is with leave to file, on or before **April 11, 2014**, an amended complaint correcting the deficiencies noted herein and in the R&R.

DONE and ORDERED this 21st day of March, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *See* 16 U.S.C. § 470a(a)(1), (2).

[3] *Shanks v. Dressel*, 540 F.3d 1082, 1092-93 (9th Cir. 2008).